JUDGE CROTTY

13 CIV 8380

**Penn Dodson (PD 2244)**
ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
(212) 961-7639 direct
(646) 998-8051 fax
*penn@andersondodson.com*

Attorney for Plaintiff



RECEIVED
NOV 22 2013
U.S.D.C. S.D.N.Y.
CASHIERS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GREGORY TAYLOR,

               Plaintiff,

v.

GRUNBERGER HERASME GROUP LLC,
d/b/a 9A Kitchen & Lounge,
RIGO HERASME, an individual, and
JULIE GRUNBERGER, an individual,

               Defendants.

**COMPLAINT FOR DAMAGES**

Case No. _____

**JURY TRIAL REQUESTED**

**INTRODUCTION**

1. Plaintiff Gregory Taylor worked for Defendants' bar and restaurant for several months, working many overtime hours each week. His pay arrangement such was that he was supposed to be paid a flat amount per shift worked. Not only was he not paid any overtime pay when his hours exceeded 40 in the workweek, but he was not paid at all for a certain portion of his employment, as more fully described below. To challenge these and other wage violations, Plaintiff brings this action by and through his attorneys against Defendants Grunberger Herasme Group LLC, d/b/a 9A Kitchen & Lounge, and its

principals, Rigo Herasme and Julie Grunberger, to recover unpaid wages, overtime and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA") and the New York Minimum Wage Act, N.Y. Lab. Law, Art. 19, § 650, *et seq.* (hereinafter, "NYLL").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

4. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' bar and restaurant located at 2331 12th Ave New York NY 10027.

## PARTIES

### Defendant Grunberger Herasme Group LLC

5. Defendant **Grunberger Herasme Group LLC** d/b/a 9A Kitchen & Lounge (hereinafter "9A Kitchen & Lounge") is a New York corporation doing business within the County of New York, and whose principal place of business is located at 2331 12th Ave New York NY 10027, in New York County.  Its DOS Process agent is listed with the NYS Department of State as David Korngut, Esq. with an address of 225 Broadway, Ste. 1620, New York NY 10007.

6. Defendant Grunberger Herasme Group LLC operates a bar and restaurant located at 2331 12th Ave New York NY 10027 which does business as 9A Kitchen & Lounge.

7. At all relevant times, Defendant 9A Kitchen & Lounge had annual gross revenues in

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639

*Taylor v. 9A Kitchen & Lounge*
USDC, Southern District of New York

Complaint
Page 2

excess of $500,000. Plaintiff is aware of this because when creating reports at the end of shifts he would see that sales were generally between $10,000 and $15,000 per week.

8. At all relevant times, Defendant 9A Kitchen & Lounge was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. For example, Plaintiff recalls using the telephone to call the headquarters of a major alcohol company out of state; the restaurant used major food service vendors; and many of the furnishings of the bar were procured from a warehouse located in New Jersey.

10. At all times material to this action, Defendant 9A Kitchen & Lounge was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Rigo Herasme**

11. Defendant Herasme, an individual, has residences in Queens, New York and in New Jersey, upon information and belief.

12. At all times material to this action, Defendant Herasme actively participated in the business of the corporation.

13. At all times material to this action, Defendant Herasme exercised substantial control over the functions of the company's employees including Plaintiff.

14. At all times material to this action, Defendant Herasme was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

15. Defendant Herasme has an ownership interest in and/or is a shareholder of 9A Kitchen & Lounge.

16. Defendant Herasme is one of the ten largest shareholders of 9A Kitchen & Lounge.

17.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639

*Taylor v. 9A Kitchen & Lounge*
USDC, Southern District of New York

Complaint
Page 3

### Defendant Julie Grunberger

18. Defendant Grunberger, an individual, is a resident of the State of New Jersey, upon information and belief.

19. At all times material to this action, Defendant Grunberger actively participated in the business of the corporation.

20. At all times material to this action, Defendant Grunberger exercised substantial control over the functions of the company's employees including Plaintiff.

21. At all times material to this action, Defendant Grunberger was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

22. Defendant Grunberger has an ownership interest in and/or is a shareholder of 9A Kitchen & Lounge.

23. Defendant Grunberger is one of the ten largest shareholders of 9A Kitchen & Lounge.

### Plaintiff Gregory Taylor

24. Plaintiff Gregory Taylor is a resident of Brooklyn, New York, which is in Kings County.

25. At all times material to this action, Plaintiff Taylor was an "employee" within the meaning of 29 U.S.C. § 203(e).

26. Plaintiff Gregory Taylor worked for 9A Kitchen & Lounge as a "bar manager" from April 5, 2013 to August 28, 2013.

27. While in this position, Plaintiff Taylor was paid by the shift worked at a certain rate of pay.

28. Plaintiff Taylor's rate of pay was $150 per standard shift, $225 per double shift.

29. While working in this capacity, Plaintiff Taylor was not expected to log his time worked.

30. When he first started working for Defendants, Plaintiff Taylor worked seven days a

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639

week.  At some point he was allowed to work six days per week.  On Friday and Saturnday nights he always worked a double shift.  The remaining days of the week he would work either a single or a double shift depending on the need; he estimates it was at least twice a week sometimes more for double shifts, as to Sunday through Thursday.

31. The lounge was open for dinner from 5:00pm to 11:00pm, and for late night events from 11:00pm to 4:00am.  When he worked the dinner shift, he generally arrived to work between 2:30 and 3:00pm to set up, and would leave at around 1:00am.  Thus, this "single shift" was about 10 hours.  For the late night shifts, which would be after a dinner shift, he would leave after helping to "break down" the various bars and other closing and cleaning activities, generally around 6:00am.  Thus, this "double shift" was about 15 hours.

32. $150 per single shift divided by 10 hours is $15 per hour.

33. $225 per double shift divided by 15 hours is $15 per hour.

34. Due to the nature of his responsibilities, Plaintiff was rarely able to take a break during his shifts.  To the extent that hewas able to take a break at all, it was generally in the range of 5-20 minutes.  To the extent that Plaintiff took any breaks at all, they were "rest periods" as defined by the regulations interpreting the FLSA, 29 C.F.R. § 785.18, and were therefore compensable.

35. Taylor estimates generally worked approximately 85 hours per week – around 90 hours a week when he was working 7 days a week, and around 80 hours a week when he was working 6 days a week.

36. Plaintiff Taylor was not paid at a rate of one and one half times his normal hourly rate for all hours over 40 worked in a workweek.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639

*Taylor v. 9A Kitchen & Lounge*
USDC, Southern District of New York

Complaint
Page 5

37. Plaintiff Taylor worked more than 10 hours on at least some workdays

38. For the days Plaintiff Taylor worked more than 10 hours Defendants did not pay him an additional one-hour's pay at the applicable minimum wage rate.


## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

39. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

### *Failure To Pay Time Overtime Properly*

40. Defendants failed to compensate Plaintiff at a rate of one and one half times his normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

### *Failure To Pay Minimum Wage*

41. For the first few weeks Plaintiff worked at 9A, he was not paid at all.

42. To this day he still has not been paid for those first few weeks, despite many inquiries to the Defendants.

43. Defendants failed to pay Plaintiff the minimum wage for the hours times he worked in certain workweeks, in violation of the FLSA.

### *Record-Keeping Failures*

44. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639

*Taylor v. 9A Kitchen & Lounge*
USDC, Southern District of New York

Complaint
Page 6

*Willful & Not Based On Good Faith & Entitlement to Damages*

45. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

46. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

47. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**As And For A Second Cause of Action:**
**NEW YORK LABOR LAW (NYLL) VIOLATIONS**

48. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

49. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

*Failure To Pay Overtime*

50. Defendants failed to compensate Plaintiff at a rate of one and one half times his normal hourly rate for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

*Spread of Hours*

51. Plaintiff worked more than 10 hours on at least some workdays, but Defendants failed to pay him an additional one-hour's pay at the applicable minimum wage rate, in

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639

*Taylor v. 9A Kitchen & Lounge*
USDC, Southern District of New York

Complaint
Page 7

contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, 142.2-4.

**Failure To Pay Minimum Wage**

52. Defendants failed to pay Plaintiff the minimum wage for all hours he worked, in violation of NYLL § 652.

**Failure To Provide Break Time**

53. Plaintiff worked a shift of more than six hours starting between 1:00pm and 6:00am. Plaintiff was employed in or in connection with Defendant's "mercantile or other establishment." Defendant failed to provide Plaintiff at least forty-five minutes for a meal period, in contravention of NYLL § 162(4).

54. The New York Commissioner of Labor issued no authority, pursuant to NYLL § 162(5) permitting Defendant to provide shorter meal periods for Plaintiff.

**Failure To Provide Day of Rest**

55. Defendant operated a "factory, mercantile establishment, hotel, [or] restaurant" Defendant failed to provide Plaintiff with one day rest in seven, in contravention of NYLL § 161.

**Failure To Pay Wages At Prescribed Frequency**

56. Plaintiff was a "clerical [or] other worker" as that term is defined in NYLL § 190(7).

57. Plaintiff was not consistently paid on regular paydays designated in advance by the employer not less frequently than semi-monthly, in violation of NYLL § 191(1)(d).

58. He was not paid at all for the first few weks of his employment; then, at other times he would be paid only a portion of his pay and would be told the rest would be coming later.

59. When Plaintiff was separated from the company, the employer failed to pay the wages owing in his final pay period not later than the regular payday for the pay period during

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639

*Taylor v. 9A Kitchen & Lounge*
USDC, Southern District of New York

Complaint
Page 8

which the separation occurred, in violation of NYLL § 191(3).

***Record-Keeping Failures; Failure to Provide Pay Stubs & Notice***

60. Defendant failed to furnish Plaintiff with a wage notice as required by NYLL § 195(1) or wage statement as required by  12 N.Y. Comp. Codes R. & Regs. 142-2.7.

61. At all relevant times, Defendant 9A Kitchen & Lounge failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

62. At all relevant times, Defendant 9A Kitchen & Lounge failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

63. Defendant failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

64. At the time of Plaintiff's hiring, Defendant failed to notify him of the rate of pay and regular designated pay day, in contravention of NYLL § 195(1).

65. Defendant failed to notify Plaintiff in writing or by public posting its policy on sick leave, vacation, personal leave, holidays and hours, in contravention of NYLL § 195(5).

***Willfulness and Damages***

66. Defendants willfully violated Plaintiff's rights by failing to pay him at all for some of the his work and by failing to pay him at a rate of not less than one and one-half times his regular rates of pay for each hour worked in excess of forty hours in a workweek, in violation of 12 N.Y. Comp. Codes R. & Regs. 142-2.2

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639

*Taylor v. 9A Kitchen & Lounge*
USDC, Southern District of New York

Complaint
Page 9

67. Due to Defendant's New York Labor Code violations, Plaintiff is entitled to recover his unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

    (A)    Award Plaintiff unpaid wages and unpaid overtime wages due under the FLSA and the New York Labor Law;

    (B)    Award Plaintiff liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

    (C)    Award Plaintiff liquidated damages pursuant to NYLL § 663;

    (D)    Award Plaintiff "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day Plaintiff worked 10 or more hours in a workday pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 142.2-4

    (E)    Award Plaintiff interest;

    (F)    Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

    (G)    Award such other and further relief as this Court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639

*Taylor v. 9A Kitchen & Lounge*
USDC, Southern District of New York

Complaint
Page 10

Respectfully submitted, this ___20ᵗʰ___ day of __November__, 2013.

ANDERSONDODSON, P.C.

**Penn U. Dodson (PD 2244)**
*penn@andersondodson.com*
Attorney for Plaintiffs

11 Broadway
Suite 615
New York, NY  10004
(212) 961-7639 direct
(646) 998-8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639

*Taylor v. 9A Kitchen & Lounge*
USDC, Southern District of New York

Complaint
Page 11